No. 22,454.

A. A. ENGSTROM, NELS ANDERSON, and AUGUST ALSTROM, as Executors of the Will of NELS SWANSON, Deceased, *Appellees*, v. VICTOR ANDERSON, *Appellant.*

#### SYLLABUS BY THE COURT.

WILL—*Authority in Executors to Sell and Convey Real Estate.* The provisions of a will considered, and held to confer authority to sell and convey real estate without petition to the probate court for an order of sale.

Appeal from Decatur district court; CELSUS A. P. FAULCONER, judge. Opinion filed January 10, 1920. Affirmed.

*A. C. T. Geiger*, of Oberlin, for the appellant.

*J. P. Noble*, of Oberlin, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by executors of a will to enforce performance of a contract with the defendant for the sale of real estate. Judgment was rendered in favor of the plaintiffs, and the defendant appeals.

The sole defense was that the executors were without power to sell real estate, except for payment of debts of the testator, and there were no debts. The will was quite inartistically drawn. Its provisions may be summarized and rearranged as follows: After debts were paid, the sum of $6,000 was given to the foreign mission board of the Evangelical Lutheran church of North America, to be paid in cash "as soon as said sum of money have accumulated from my estate." The will then expressed an intention that the testator's brothers and sisters, and, in the event of their death, their children or other heirs, should share alike in the testator's property, real and personal. A sister residing in Sweden was named. Others who were to take were designated as "heirs" of a named brother who died in Sweden, and "heirs" of a named sister who died in Sweden. The will then provided as follows:

"The division of all my property shall be attended to by the executors of this, my testament, as they deem best, with full power to act.

"I further appoint and constitute A. A. Engstrom, of Oberlin, De-

catur county, and August Alstrom, of Lund, Decatur county, and Nels Anderson, of Lund, Decatur county, Kansas, as my executors, these my executors to act without bond and with full power to do all acts as legally as myself in person."

There is nothing to indicate that the executors were to hold and manage the estate for the purpose of accumulating a fund sufficient to pay the legacy to the foreign mission board, and the court regards the expression "have accumulated from my estate" as the equivalent of "shall have been realized from my estate." If the personal estate were not sufficient to discharge the legacy, and a sale of real estate were required, the excutors had power to do all acts to accomplish the testator's design, including payment of the legacy, which he might have done. It is clear the testator considered action by the executors necessary to accomplish the contemplated division of his estate among the beneficiaries, after satisfaction of the $6,000 legacy. A sale of real estate might be the one possible means of attaining this result, and the executors were given full power to act as they might deem best.

Power to sell real estate may be conferred on executors by will, without using technical legal phraseology. When so conferred, petition to the probate court for an order of sale is not necessary. In this instance, it is quite likely the testator intended his executors should have general power to sell real estate. In any event, power was clearly conferred to sell real estate if, in the sound judgment of the executors, it should be deemed necessary in order to make proper distribution of the estate. This being true, the specific ground of defense to the action was untenable.

The judgment of the district court is affirmed.